IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XXAVIER LYMAS, | : | CIVIL NO. 1:CV-14-1793 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| DONNA ZICKAFOOSE, | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Xxavier Lymas, an inmate currently incarcerated at the United States Penitentiary at Allenwood (USP-Allenwood), Pennsylvania. For the reasons that follow, the petition will be dismissed without prejudice to any right Petitioner may have to pursue his claims in a properly filed civil rights complaint and/or file a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)A)(i)-(ii) and the procedures set forth in Bureau of Prisons Program Statement 5050.49.

**I.      Background**

Petitioner claims he suffers from sickle cell anemia and is being denied adequate medical treatment for his condition in violation of the Eighth Amendment. He claims that Donna Zickafoose, Warden at USP-Allenwood, and her employees have accused him of faking symptoms, and have issued him false misconducts on this basis. He claims that the most recent denial of treatment for his condition resulted in his hospitalization because he developed pneumonia. Petitioner believes he should be granted a "compassionate release" from prison due to the lack of medical care he receives at USP-Allenwood.

**II.     Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions under Rule 1(b).  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ."  Allen v. Perini, 424 F.2d 134, 141 (4th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that while Petitioner does seek his release from prison, it is not because he is challenging the fact or length of his present incarceration.  He admits that he is properly incarcerated for the crimes he has committed.  Rather, he challenges

the conditions of his confinement. Specifically, he claims the employees at USP-Allenwood are refusing to provide him with treatment for his sickle cell anemia condition. As such, to the extent Petitioner is challenging his medical care, the present claims are not properly before the court in a habeas corpus petition. The pending petition will be denied without prejudice to any right he may have to reassert his present claims challenging his conditions of confinement at USP-Allenwood in a properly filed civil rights complaint.[1]

To the extent Petitioner seeks his release from prison on "compassionate" grounds, the pending petition is also subject to dismissal for the following reasons. A prisoner may obtain release from incarceration prior to the end of a validly-imposed sentence on compassionate grounds set forth in 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). This section requires that a motion for a sentence reduction be filed by the Director of the Bureau of Prisons after the Director approves an inmate's application for compassionate release. BOP Program Statement 5050.49, entitled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)", provides the steps an inmate must follow in attempting to obtain a compassionate release. Pursuant to § 571.61, an inmate is first required to submit a request for a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) to the Warden. There is no indication that Petitioner has done so.

Moreover, a habeas corpus petition under Section 2241 is not the proper vehicle to obtain the relief Petitioner seeks. Even if Petitioner were to obtain a successful result, this will not

---

[1] In this regard, the Court expresses no opinion as to the merits of any civil rights claims Petitioner may file based upon the facts asserted herein. He is advised, however, that any civil rights complaint he submits must be accompanied by the full filing fee or the Court's in forma pauperis and authorization forms.

necessarily result in a shorter term of incarceration or a quantum change in the conditions of his confinement. At best it will result in a motion being filed in the sentencing court. Accordingly, the Court lacks subject matter jurisdiction over his request. See Morales v. United States, 353 F. Supp. 2d 204, 205 (D. Mass. 2005)(denying Section 2241 petition for compassionate release on jurisdictional grounds.) An appropriate order follows.